43 C.C.P.A.(Patents)

**Application of Thomas E. PIAZZE and
Thomas R. Baxter.
Patent Appeal No. 6150.**

United States Court of Customs
and Patent Appeals.
Feb. 21, 1956.

Cromwell, Greist & Warden, Chicago,
Ill. (Guy A. Greenawalt, Chicago, Ill., of
counsel), for appellants.

Clarence W. Moore, Washington, D. C.,
for Commissioner of Patents.

Before O'CONNELL, Acting Chief
Judge, and JOHNSON, WORLEY,
COLE and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of
the Board of Appeals of the United
States Patent Office affirming the final
rejection by the Primary Examiner of
claims 13 and 14 of appellants' applica-
tion, No. 784,430, for a patent on a
sterilized container and method of mak-
ing the same. The appealed claims, drawn
to the container, and rejected on the
ground of lack of invention over the
prior art, are as follows:

"13. A sanitary package of fluid-
tight containers comprising in rolled
form a length of seamless tubing of
extruded plastic heat sealable ma-
terial having opposed inner surfaces
which are in sterilized condition,
said tubing having a series of longi-
tudinally spaced transverse seals
autogenously bonded by heat pro-
viding a plurality of hermetically
sealed pockets whereby said tubing
is adapted to be severed between
seals to obtain individual contain-
ers.

"14. A sanitary package of fluid-
tight containers comprising a length
of tubing in empty flattened condi-
tion, said tubing being formed of
impermeable heat sealable film ma-
terial having opposed inner wall sur-
faces which are in sterilized condi-
tion, said tubing having a series of
longitudinally spaced narrow trans-
verse heat seals each extending all
the way across said flattened tubing
and dividing the same into an ex-
tended series of interconnected
hermetically sealed containers which
are adapted to be maintained with
the interior wall surfaces thereof in
sterile condition until the tubing is
severed between seals to disconnect
the individual containers."

The references relied on are:

Caufield      1,058,658 April 8, 1913.
Travis        1,357,128 October 26, 1920.
Wright        2,023,829 December 10, 1935.
Waters        2,125,758 August 2, 1938.
Ward          2,197,845 April 23, 1940.
Hohl et al. 2,233,704 March 4, 1941.
Lloyd         2,488,212 November 15, 1949.

Appellants' application relates to the
production of a series of integrally con-
nected containers of transparent thermo-
plastic sheet material. The process dis-

closes a continuous tube of such material extruded from a die, cooled, and then passed between flattening rollers. The flattened tube, in the form of a strip, is then passed between a pair of rolls carrying heated elements which seal the tube transversely at regular intervals, thus forming a connected series of completely sealed pockets which are wound upon a roll. Cutting means are provided for severing the strip when a unit containing the desired number of pockets has been formed. During the formation of the extruded tube, hot air is forced into it, thus sterilizing the interior of the tube and hence the interior of the closed pockets formed from the tube.

The appealed claims are not concerned with the process of manufacture, but are drawn to a series of pockets, however formed.

The Waters patent shows the production of a series of bags from a strip of thermoplastic material. The material is fed from a roll and passed between shaping and sealing rolls which results in a continuous tube having its longitudinal seam heat-sealed so as to be air-tight. The tube thus formed passes between rolls, one of which is provided with a heated portion which seals the tube transversely to produce a series of connected containers. Those containers, however, are not stored in collected form, as in appellants' process, but are separated from each other by a cutting device shortly after they are formed.

The Hohl et al. patent discloses a process in which a series of bags are formed from a continuous tube by transverse heat sealing at spaced intervals. The patent states that upon completion of the sealing the tube may be cut transversely to form individual containers.

The Travis patent shows an arrangement in which each of a series of small surgical appliances is enclosed in a sealed tissue paper envelope and then sterilized. The envelopes are then spaced longitudinally along the longitudinal axis of a sheet of wrapping material which is folded over them and sealed longitudinally as well as transversely at intervals to form pockets enclosing the appliances and their tissue paper envelopes. With such arrangement the appliances may be removed individually by separating them at the center of the transverse seals.

The patents to Wright, Ward, and Caulfield were cited to show the broad idea of storing a series of connected receptacles in the form of a rolled strip from which they may be separated as desired.

The Lloyd patent was cited as showing a seamless tube formed of extruded thermoplastic material.

Appealed claim 14 was rejected on Waters in view of Hohl et al. and Travis. The claim presents two features of distinction over Waters, namely, the statement that the series of containers are maintained in strip form, whereas Waters separates each container from the strip as soon as it is formed; and the limitation that the interiors of the containers are sterilized, which is not suggested by Waters.

Appellants strongly emphasize the fact that their containers are designed to serve as disposable nursing units and, as such, fill a long-felt want in a convenient and economical manner. Not only are the appealed claims not limited in any way to the use to which the claimed packages are to be put, but it is well settled that claims drawn to structure must distinguish from the prior art in terms of structure rather than function. In re Carr, 120 F.2d 386, 28 C.C.P.A., Patents, 1240; In re Stattmann, 146 F.2d 290, 32 C.C.P.A., Patents, 813. Accordingly, the question to be determined here is whether the structural features recited in the claims are disclosed or suggested by the cited prior patents.

The structural features principally relied on by appellants are the provision for a series of empty containers having their inner walls initially sterilized, and the hermetic sealing of the containers so that they remain sterile until used.

It was the opinion of the Board of Appeals that the Hohl et al. patent discloses the idea of forming a series of containers in strip form prior to severing the strip to form individual containers. We think that conclusion is sound since the patentees describe the formation of a series of heat seals at spaced points along the tube, and then state that "upon the completion of this heat-sealing, the endless tube may be cut transversely along lines A–A." That description seems clearly to contemplate the production of a number of containers in strip form before any severing takes place.

We are also in agreement with the board that whether the Hohl et al. patent is considered as disclosing a continuous strip of containers, there would be no invention in postponing the severing operation in the Waters patent until a strip of connected containers has been formed. The particular time at which the severing takes place involves nothing more than a matter of choice.

The sterilization of containers, when desired, also involves nothing more than the ordinary skill of the art. The Travis patent, discloses the application of sterilization to articles which are stored in a continuous strip of individual containers, and there would clearly be no invention, in view of that disclosure, in the sterilization of the containers formed by Waters.

Claim 13 is similar to claim 14, but includes additional limitations that the containers are formed from a seamless tube and stored in rolled form.

We think it obviously a matter of choice whether seamed or seamless tubing is used in forming the containers. Extruded seamless tubing of heat-sealable material is old as shown by Lloyd, and it is apparent that such tubing could be readily substituted for the seamed tubing of Waters if desired.

Since the idea of storing connected containers in roll form is old in Wright, Ward, and Caulfield, it would clearly not be a matter of invention to store the connected containers of Waters in that manner prior to severing them.

 While the appealed claims include a number of features not shown in any single prior patent, at the same time every feature claimed is shown individually in the prior art, and they do not, when associated in the manner set forth in the claims, co-act with each other in any new or unexpected manner. It therefore follows that those claims define nothing patentable over the prior art, and were properly rejected for that reason.

The decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate.